# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE ROWLAND, | 1:06-cv-1430 OWW DLB HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO TERMINATE ACTION IN ITS ENTIRETY |
| v. | |
| LEA ANN CHRONES, et.al., | [Doc. 17] |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by Katherine Louise Hart, Esq. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On November 19, 2008, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DISMISSED. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On December 2, 2008, Petitioner filed timely objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is

supported by the record and proper analysis.

As stated in the Magistrate Judge's Findings and Recommendation, Petitioner contends that he is being held in state custody in violation of his federal plea agreement in 1:02-cr-5301-OWW because he believed he would serve his federal custody before being transferred back to the State of California. (Recommendation, at 1.) In his objections, Petitioner indicates that his federal plea agreement stated that the government would recommend that Petitioner serve federal custody first in exchange for a twenty year sentence. Petitioner has not sought to withdraw his 20-year term because he is still attempting to seek administrative relief. Petitioner requests the following:

> -That the court amend the original judgment to reflect that Petitioner's twenty-year federal term is to run concurrent with Petitioner's state term in San Diego Case Central Division Case CD 165314;
> -Or, if the court is unable to amend the actual judgment, that the court issue a memorandum or order confirming that the sentence in federal case CR-F-02-5301 is to run concurrent with Petitioner's state court sentence in San Diego Case Central Division Case CD 165314;
> -That the court continue supervision in this habeas petition so that Petitioner, an indigent person, will have legal representation during his attempts to secure an internal administrative transfer to federal custody through the provisions of CDC-8802.

(Objections, at 4.) As is evidenced by Petitioner's objections, Petitioner's exclusively remedy, if any, is by way of section 2255 motion to vacate and/or correct the judgment. Although Petitioner is currently in the custody of the State of California pursuant to a conviction arising out of San Diego County, this Court has not jurisdiction to review any challenge to such judgment.[1] Moreover, Petitioner is challenging a federal criminal conviction, and he is simply not entitled to any relief under section 2254.[2] The fact that the undersigned has previously denied Petitioner's

---

[1] The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. 1391(b).
  Under 28 U.S.C. § 2254, this Court does not have jurisdiction to hear claims relating to the sentencing court where Petitioner was not sentenced in this district. *See* 28 U.S.C. § 2241(d).

[2] Section 2254(a) limits relief "of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a), (b)(1).

motion to correct the judgment on the grounds that jurisdiction to correct the judgment had expired, does not render relief by way of section 2255 ineffective or available under section 2254.

Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis. Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued November 19, 2008, is ADOPTED IN FULL;
2. The pendingPetition for Writ of Habeas Corpus is DENIED;
3. Petitioner is afforded 20 twenty days to amend her petition to state a claim; under Section 2255.

IT IS SO ORDERED.

**Dated:   January 9, 2009**                              **/s/ Oliver W. Wanger**
                                                         UNITED STATES DISTRICT JUDGE