1  KATHERINE HART #76715
   Attorney at Law
2  2055 San Joaquin
   Fresno, Ca. 93721
3  Telephone: (559) 256-9800
   Facsimile:  (559) 256-9798
4
   Attorney for Petitioner
5  BROOKE ROWLAND

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11 BROOKE ROWLAND,                    )    06- cv-1430 OWW DLB HC
                                      )
12      Petitioner,                   )    FIRST AMENDED PETITION
                                      )    FOR WRIT OF HABEAS
13                                    )    CORPUS UNDER U.S.C.
                                      )    § 2255 TO CORRECT
14                                    )    SENTENCE
                                      )
15      vs.                           )
                                      )
16                                    )
   LEA ANN CHRONES, Warden of         )
17 North Kern State Prison,           )
                                      )
18      Respondent.                   )
                                      )
19 _____)

20         Petitioner, BROOKE ROWLAND, through his attorney KATHERINE

21 HART, appointed under the auspices of the Criminal Justice Act, hereby petitions

22 this court for a writ of habeas corpus under 28 U.S.C. § 2255 and Rule 1(a)(4) and

23 Rule 2(d), Rules Governing Section 2255 Cases in the United States District

24 Courts, and by this verified petition sets forth the following facts and causes for the

25 issuance of the writ.

26

27

28                                     1

**I.**

Petitioner is both a state and a federal prisoner, serving concurrent terms as a federal prisoner in case number CR-F-02-5301 (United States District Court, Eastern District of California) and as a state prisoner in Case No. CD 165314 (San Diego Superior Court, Central Division).  Petitioner is a person under Rule 1(a)(4), Rules Governing Section 2255 Cases in the United States District Courts,  who is in custody under a federal court judgment in Case CR-F-02-5301 OWW, who seeks to correct the federal court judgment issued in the case because the federal judgment failed to reflect that Petitioner's federal and state time were to be served concurrently;

**II.**

Petitioner  is being  held in state custody, at Pleasant Valley State Prison, Coalinga,  State of California, pursuant to a valid California judgment; the State of California is in receipt of a judgment imposed in federal case CR-F-02-5301 in which twenty years' imprisonment in federal custody was imposed.  In neither Petitioner's federal judgment nor his state court judgment is there any mention that the federal time will run concurrently with the state time.

**III.**

On April 7, 2004, Petitioner entered a guilty plea in the Eastern District of California in Case No. CR-F-02-5301, said term to run concurrently with any time imposed in a pending  case in San Diego County, California (Case No. CD 165314).  Before Petitioner could be sentenced to a specific term in his Eastern District of California case, Petitioner was returned to San Diego Superior Court to face earlier filed state court charges based on some of the same facts as his federal prosecution.. On or about February 10,  2006, Petitioner was sentenced in San Diego Superior Court in Case No. CD 165314  to a term of fifteen years to life,

2

1  said term to run concurrently with any federal term imposed in Case No. CR- F-02-

2  5301, Eastern District of California.  At the time that Petitioner was sentenced in

3  San Diego Superior Court, Petitioner had previously entered a guilty plea in Case

4  CR-F-02-5301 in the Eastern District of California.  At the time that Petitioner was

5  sentenced to the state term of fifteen years to life, Petitioner had not yet been

6  sentenced in his federal case;

7  **IV.**

8  On May 8, 2006, Petitioner was sentenced in the Eastern District of

9  California, Federal District Court,  before the Honorable OLIVER W. WANGER,

10  Judge of the Eastern District, to a term of twenty years. Prior to his federal

11  sentencing hearing, Petitioner executed an Addendum to his federal plea agreement

12  in which Petitioner and the government agreed that Petitioner would withdraw any

13  objections to the presentence report dated June 9, 2004, and Petitioner would

14  accept, without any contest,  a twenty-year prison term provided the government

15  would recommend that Petitioner serve his federal term before he served any of his

16  previously imposed state term sentence.  The basis for the plea addendum was that

17  Petitioner believed the treatment alternatives provided in the federal court

18  system–particularly the treatment provided at Butner, North Carolina, were vastly

19  superior to that found in the California State court system.  Further, Petitioner

20  believed that if he were to receive the psychological and, medical assistance

21  provided through the federal penal system, Petitioner–a life prisoner in the state

22  system– would have an enhanced opportunity to receive state court parole from the

23  California Parole Board.  Petitioner's concerns were reflected in a confidential

24  psychological evaluation Petitioner filed under seal before his sentencing in Case

25  02-5301 OWW.  Petitioner's adamant insistence that he receive his federal prison

26  time prior to his state court time was also reflected in the Sentencing Memorandum

27

28

3

1   filed by Petitioner's counsel and in argument presented at his sentencing hearing

2   in the Eastern District on May 8, 2006;

**V.**

4       On May 8, 2006, Petitioner was sentenced in the Eastern District to a term

5   of twenty years;  Petitioner believes that all parties, including the court, recognized

6   that Petitioner's state and federal sentences were to be run concurrently, because

7   the plea agreement specified that the federal and state terms would run

8   concurrently;

**VI.**

10      On May 16, 2006, a judgment was filed (Document 515, Case 02-5301)

11  committing Petitioner Rowland to the custody of the United States Bureau of

12  Prisons for a total term of 240 months; the Court recommended that Petitioner be

13  incarcerated in a Pennsylvania or North Carolina facility, but only insofar as this

14  accorded with security classification and space availability; the judgment remanded

15  Petitioner to the custody of the United States Marshal.

**VII.**

17      The judgment failed to reflect that Petitioner's federal and state time were

18  to run concurrently.  Although the judgment committed Petitioner to the custody

19  of the federal marshals for a period of 240 years, the judgment failed to state that

20  the federal term of 240 years was to run concurrently with a previously imposed

21  federal sentence.   Neither Petitioner nor his counsel noticed that the document

22  labeled "Judgment," executed after Petitioner's sentencing hearing, failed to denote

23  that Petitioner should serve his federal term in federal custody concurrently with

24  his state sentence.   The judgment stated that Petitioner was committed to the

25  United States Bureau of Prisons to serve a term of 240 months (20 years).

26

27

28                                          4

**VIII.**

On or about June 22, 2006 Petitioner was transferred by the federal marshals to state custody, where he was incarcerated at North Kern State Prison.  On July 13, 2006, Petitioner, through his lawyer, filed a Request to Correct Judgment to Reflect Concurrent Term and Order Returning Defendant to Federal Custody (Document 551, Case No. 02-5301).  Petitioner requested that the Honorable Oliver W. Wanger, Judge of the Eastern District, transfer him back to federal court for further proceedings.  In August, 2006, Petitioner, pursuant to an order of the Honorable Oliver W. Wanger, Judge of the Eastern District, was transferred to the Fresno County Jail.  On August 31, 2006 (Document 564, 02-5301), Petitioner filed a Sentencing Memorandum Concerning his Federal Term, alleging that the federal system provides treatment and rehabilitation, whereas the state of California system is premised on punishment; Petitioner alleged that his plea agreement was violated when he was transferred to Federal custody.  Petitioner further alleged that he entered his plea in federal court prior to his plea in state court, and that even though he was sentenced first in state court, he should be treated as a federal prisoner. On September 11, 2006, Petitioner was ordered to file a writ of habeas corpus as the time for amending or correcting a judgment had expired.

**IX.**

Petitioner then filed two federal court writs: one under U.S.C. 28 § 2255 (CV-F-06-1459) to correct the judgment to reflect that his federal time should be served concurrently with his state sentence; and another writ under U.S.C. 28 § 2254 to correct his sentence so that his federal time could be served first in a federal institution before Petitioner was transferred to state custody.   The government filed a consolidated response to the two writs. (Document 595 in Case

1 | 02:5303 OWW)..

2 | **X.**

3 | Petitioner's federal court judgment violates his rights under his plea
4 | agreement with the federal government and his rights under the original sentencing
5 | hearing held in the Eastern District on May 8, 2006, because the judgment fails to
6 | reflect that his federal time is to be served concurrently with his state time.
7 | Petitioner thus stands in danger that after serving a term of fifteen years to life in
8 | state court, he will be then transferred to federal custody for an additional twenty
9 | years when, in fact, the intent of all parties and the intent of the original plea
10 | agreement was that Petitioner's federal time would be served concurrently with any
11 | state time.  The government has never stated that Petitioner's federal time was to
12 | run consecutively to Petitioner's state term; indeed, the government has always
13 | stated in all court documents and pleadings that the intent of the government is that
14 | Petitioner's federal term would run concurrently with his state-imposed sentence;

15 | **XI.**

16 | On January 12, 2009, Petitioner's petition to serve his federal time first,
17 | before serving his state court sentence, was denied.  That petition was brought
18 | under 28 U.S.C. § 2254.   Petitioner was afforded twenty days from the court's
19 | ruling of January 12, 2009, to amend his petition to state a claim under Section
20 | 2255;

21 | **XII.**

22 | Over two years ago,  on October 17, 2006, in Document 581, in CV-F-06-
23 | 1459 Petitioner previously filed a Motion for Writ of Habeas Corpus Under 28
24 | U.S.C. § 2255 to correct his sentence.  That writ in CV-F-06-1459 was never acted
25 | upon by this court, but was  apparently  consolidated with the instant case CV-06-
26 | 1430;

27 |

28 | 6

1

## XIII.

2

This petition is necessary because Petitioner has no other plain, speedy or

3

adequate remedy at law.   Petitioner has twice filed motions to correct his

4

judgment–once under his original case 02-5301, on July 13, 2006, Document 551,

5

and once under case CV-F-06-1459, Document 581 in case 5301, on October 17,

6

2006.  Petitioner has been attempting to correct the judgment for two and one-half

7

years so that the judgment would note that the federal term was to run concurrently

8

with his state term.  Under 28 U.S.C. § 2255, a writ of habeas corpus lies to vacate,

9

set aside, or correct a sentence:

10

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground

11

that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

12

impose such sentence, or that the sentence was in excess of the maximum authorized by law, **or is otherwise subject to collateral**

13

**attack**, may move the court which imposed the sentence to vacate, set aside or correct the sentence. (emphasis added)

14

## XIV.

15

Petitioner therefore requests the following relief: that the Judgment

16

previously imposed in the Eastern District of California be corrected to state that

17

Petitioner's federal term shall be imposed concurrently with the term imposed in

18

San Diego Central Case   CD 165314; that   Petitioner be recommended for

19

treatment at FCI-Butner; and that Petitioner be recommended for housing in

20

Allentown, Pennsylvania; and for such other and further relief as may be

21

appropriate in this case.

22

DATED: January 22, 2009                    Respectfully submitted,

23

24

    /s/Katherine Hart

25

KATHERINE HART, Attorney
for BROOKE ROWLAND,
Petitioner

26

27

28

7